# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| MATTHEW SHELTON, | ) |
| Petitioner, | ) |
| v. | ) Case No. 14-3326-CV-S-MDH-P |
| TERRY RUSSELL, | ) |
| Respondent. | ) |

## OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING THE ISSUANCE OF A CERTIFICATE OF APPEALABILITY

Petitioner, a convicted state prisoner currently confined at Eastern Reception, Diagnostic and Correctional Center in Bonne Terre, Missouri, has filed *pro se* a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his 2010 conviction and sentence for domestic assault in the second degree, which was entered in the Circuit Court of Greene County, Missouri.[1] Petitioner's conviction was affirmed on appeal, *see State v. Shelton*, 363 S.W. 3d 183 (Mo. Ct. App. 2012); Respondent's Exhibit F, and the denial of his motion for post-conviction relief was affirmed on appeal. *See* Respondent's Exhibit L.

Petitioner raises three (3) grounds for relief: (1) trial counsel was ineffective for (A) failing to object to a jury instruction that did not cross reference a self-defense instruction and (B) for not requesting a continuance in response to the state's alleged discovery violation; (2) appellate counsel was ineffective for not alleging trial court error in connection with the discovery violation; and (3) prosecutorial misconduct for allegedly making a threat to A.S. (the victim) to get her to waive spousal privilege. Respondent contends that Grounds 1-B and Ground 3 are procedurally barred and that Ground 1-A and Ground 2 are without merit.

---

[1] Petitioner also was convicted of resisting a lawful stop, but petitioner has completed his one-year sentence for that offense. Therefore, petitioner does not meet the "in custody requirement of Section 2254(a) for that offense.

## FACTUAL BACKGROUND

In affirming petitioner's conviction and sentence, the Missouri Court of Appeals set forth the following facts:

> [Petitioner] was driving on a state highway with his wife [A.S.] and their children. [Petitioner] made a pejorative comment about [A.S]'s promiscuity, she slapped him, then he punched her face repeatedly as the car left the road out of control. Reaching from her passenger seat, [A.S.] applied the brakes, brought the car to a stop, and tried to dial 911. [Petitioner] struck [A.S.] again, took her phone, broke it, jumped out of the car, and ran. [A.S.] drove to a nearby house and called for help.
>
> A uniformed deputy arrived and photographed [A.S]'s injuries. She related where the assault occurred, what [petitioner] looked like, and that he was on foot. The deputy started searching for [petitioner] and soon saw him walking in a pasture some 75 yards off the highway not far from the assault scene. The deputy parked and exited from his marked patrol car, then started walking toward [petitioner]. [Petitioner] saw him, turned, and ran away into the woods. The deputy wanted to detain [petitioner], but could not catch him.

Resp. Ex. F, p. 3.

Before the state court findings may be set aside, a federal court must conclude that the state court's findings of fact lack even fair support in the record. *Marshall v. Lonberger*, 459 U.S. 422, 432 (1983). Credibility determinations are left for the state court to decide. *Graham v. Solem*, 728 F.2d 1533, 1540 (8th Cir. en banc), *cert. denied*, 469 U.S. 842 (1984). It is petitioner's burden to establish by clear and convincing evidence that the state court findings are erroneous. 28 U.S.C. § 2254(e)(1).[2] Because the state court's findings of fact have fair support in the record and because petitioner has failed to establish by clear and convincing evidence that the state court findings are erroneous, the Court defers to and adopts those factual

---
[2] In a proceeding instituted by an application for writ of habeas corpus by a person in custody pursuant to a judgment of a state court, a determination of a factual issue made by a state court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by "clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

conclusions.

## PROCEDURALLY DEFAULTED GROUND 1-B AND GROUND 3

In Ground 1-B, petitioner contends that trial counsel was ineffective for failing to request a continuance "when objecting to [the] late disclosure of photographs." Doc. No. 1, p. 5. Petitioner's Ground 3 states that there was prosecutorial misconduct for allegedly making a threat to A.S. to get her to waive spousal privilege. Respondent contends that both Grounds 1-B and 3 are procedurally barred, but respondent also argues that both grounds are without merit.

"A habeas petitioner is required to pursue all available avenues of relief in the state courts before the federal courts will consider a claim." *Sloan v. Delo*, 54 F.3d 1371, 1381 (8th Cir. 1995), *cert. denied*, 516 U.S. 1056 (1996). "In order to present a habeas claim to the state court, a prisoner must 'fairly represent' not only the facts, but also the substance of his federal habeas corpus claim." *Barrett v. Acevedo*, 169 F.3d 1155 (8th Cir. 1999) (citing *Abdullah v. Groose*, 75 F.3d 408, 411 (8th Cir. 1996), *cert. denied*, 517 U.S. 1215 (1996)), *cert. denied*, 528 U.S. 846 (1999). "If a petitioner fails to exhaust state remedies and the court to which he should have presented his claim would now find it procedurally barred, there is a procedural default." *Sloan* at 1381.

A federal court may not review procedurally defaulted claims "unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

Petitioner contends in his petition for writ of habeas corpus that he raised Ground 1 on direct appeal. Although petitioner did raise Ground 1-A (relating to trial counsel ineffectiveness

3

for failing to object to a jury instruction that did not cross reference a self-defense instruction) during post-conviction proceedings, he failed to raise Ground 1-B in either his direct appeal or during post-conviction proceedings. Petitioner cannot combine a claim that was never raised before the state courts with a claim that was fully exhausted in order to overcome default; therefore, Ground 1-B is procedurally defaulted. *Barrett*, 169 F.3d at 1161-62 (recognizing that presenting a state claim that is merely similar to the federal habeas corpus claim is not sufficient to satisfy the fairly presented requirement).

Petitioner has failed to allege cause for his procedural default of Ground 1-B. Moreover, as respondent argues, petitioner cannot show his trial counsel was ineffective for failing to request a continuance when trial counsel had twenty-four hours to look at the challenged photographs and determine whether and how the additional photographs impacted the defense. Petitioner also has not demonstrated that a continuance would have altered the defense or how the result of the trial would have been different if trial counsel had requested a continuance. Doc. No. 11, pp. 24-25. Because petitioner has failed to demonstrate cause for and resulting prejudice from his state procedural default of Ground 1-B, it will be denied.

Petitioner admits that he did not raise Ground 3 on direct appeal or in post-conviction proceedings. As such, Ground 3 is procedurally defaulted. *Sweet v. Delo*, 125 F.3d 1144, 1149 (8th Cir. 1997) (recognizing that failure to present claims in the Missouri courts at any stage of direct appeal or post-conviction proceedings is a procedural default), *cert. denied*, 523 U.S. 1010 (1998).

As cause for his default, petitioner asserts only that he wanted to raise Ground 3 on direct appeal but that his attorney did not comply. He does not, however, give a reason for not raising

Ground 3 during post-conviction proceedings. Further, he does not assert actual prejudice as a result of the alleged default or violations.

If petitioner contends that ineffective assistance of direct appeal counsel caused his state procedural default of Ground 3, he may not do so because claims of ineffective assistance of counsel must have been independently presented in a timely manner to the state courts in order to be used to show the alleged cause for state procedural default. *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000). As respondent argues, even if petitioner could raise ineffectiveness of direct appeal counsel as cause, there was nothing in the trial record showing that the state coerced A.S.'s testimony, so any attempt to raise such a claim would have been frivolous. Doc. No. 11, pp. 9-10. Because petitioner does not allege ineffective assistance of post-conviction counsel as cause for his procedural default of Ground 3, *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), does not apply. In fact, the United States Court of Appeals for the Eighth Circuit and other courts decline to extend *Martinez* to claims alleging ineffective assistance of counsel on direct appeal. *Dansby v. Hobbs*, 766 F. 3d 809, 833-34 (8th Cir. 2014). *See also Reed v. Stephens*, 739 F. 3d 753, 778 n. 16 (5th Cir. 2014); *Hodges v. Colson*, 727 F. 3d 517, 531 (6th Cir. 2013); *Banks v. Workman*, 692 F. 3d 1133, 1148 (10th Cir. 2012).

Petitioner also has failed to show that a fundamental miscarriage of justice will result if his defaulted claims are not considered. *See Abdi v. Hatch*, 450 F.3d 334, 338 (8th Cir. 2006) (petitioner must present new evidence that affirmatively demonstrates that he is actually innocent of the crime for which he was convicted in order to fit within the fundamental miscarriage of justice exception), *cert. denied*, 549 U.S. 1036 (2006).

Respondent also argues that petitioner's vague and unspecific allegations that the state

5

coerced A.S. to testify by threatening her are insufficient to raise a valid habeas corpus claim. Doc. No. 11, pp. 27-29. Although trial counsel indicated that he wanted to cross-examine A.S. about her prior invocation of her spousal privilege after she testified at trial, trial counsel did not make an offer of proof regarding her expected testimony. Respondent's Exhibit A, p. 381. In his motion for new trial, trial counsel challenged the trial court's ruling that precluded him from cross-examining A.S. about her prior invocation of the spousal privilege, but did not allege any misconduct by the state that caused her to change her mind and to testify against petitioner at trial. Respondent's Exhibit B, pp. 70-71.

Even assuming that petitioner has standing to assert a violation of A.S.'s rights, petitioner fails to plead any facts specifying how the state coerced or threatened A.S. into testifying against petitioner. Petitioner's failure to make an offer of proof in a timely fashion or to raise a proper claim of ineffective assistance of trial counsel in his motion for post-conviction relief prevents the review of his claim in federal habeas corpus. As a result, Ground 3 will be denied.

## **GROUND 1-A**

Petitioner's Ground 1-A states that he received ineffective assistance of trial counsel because counsel failed to object to the lack of a cross-reference in the verdict director (Instruction No. 10) to the instruction on self-defense (Instruction No. 12). Respondent contends that Ground 1-A is without merit. In denying this claim, the Rule 29.15 motion court determined that petitioner failed to prove that the verdict in his trial was affected by the lack of cross-reference to the self-defense instruction because, taking the instructions as a whole and considering the arguments of counsel, there was no reasonable probability of a different result at trial if trial counsel had objected to the verdict director. Respondent's Exhibit I, pp. 28-29. On

6

post-conviction appeal, the Missouri Court of Appeals agreed and, therefore, found that petitioner failed to prove prejudice resulting from trial counsel's failure to object to Instruction No. 10. Respondent's Exhibit L, pp. 7-10.

An inmate asserting ineffective assistance of trial counsel must prove both that trial counsel was incompetent and that he suffered prejudice from such incompetence. *Strickland v. Washington,* 466 U.S. 668, 687 (1984). On the competence prong, an inmate must allege specific acts of incompetence. *Id.* at 690. Counsel is presumed to be competent, and decisions based on a reasonable trial strategy do not demonstrate incompetence. *Id.* at 689-91. Counsel is not incompetent merely because the strategy did not succeed. *Id.* at 689. To demonstrate prejudice, an inmate must show, in light of all of the evidence in the case, that there is a reasonable probability of a different result. *Id.* at 694.

An inmate claiming that a problem with an instruction constitutes a due process violation must demonstrate that the instruction created a reasonable likelihood that the jury did not require the state to prove each element of the offense beyond a reasonable doubt. *Waddington v. Sarausad,* 555 U.S. 179, 190-91 (2009). In doing so, the instruction is judged in the context of the instructions as a whole and the entire trial record. *Id.*

Although the instruction on domestic assault in the second degree did not include a cross-reference to the self-defense instruction, the self-defense instruction expressly provided that the state had the burden of proof to show that petitioner did not act in self-defense. Resp. Ex. B, pp. 52, 54. The instruction on self-defense also informed the jury that, if the state did not meet its burden of proof, the jury had to return a not guilty verdict on the second-degree domestic assault charge. Furthermore, from voir dire, through the cross-examination of A.S., and through closing

7

argument, the consistent theme of the defense was that any blows that petitioner inflicted on A.S. were a reasonable use of force to defend petitioner from the acts of A.S. and that A.S. was exaggerating the acts of petitioner to make them appear excessive and unreasonable. Resp. Ex. A, pp 230-50, 390-95, 495-99.

In light of the full record of the trial, the state courts did not unreasonably apply federal law in finding that petitioner failed to prove a reasonable probability of a different result if counsel had objected to the technical error in the verdict director on domestic assault in the second degree and had it corrected. As such, Ground 1-A, will be denied.

## GROUND 2

In Ground 2, petitioner claims that appellate counsel was ineffective for not alleging trial court error in connection with the discovery violation regarding the late disclosure of photographs. Petitioner raised Ground 2 in his post-conviction proceedings. Resp. Ex. L. Respondent contends that Ground 2 is without merit.

In order for petitioner to successfully assert a claim for ineffective assistance of counsel, petitioner must demonstrate that his attorney's performance "fell below an objective standard of reasonableness" and that "the deficient performance" actually prejudiced him. *Strickland v. Washington*, 466 U.S. at 687-88. This Court, moreover, may not grant habeas relief unless the state court's decision "was contrary to, or an unreasonable application of, the standard articulated by the [United States] Supreme Court in *Strickland*." *Owens v. Dormire*, 198 F.3d 679, 681 (8th Cir. 1999), *cert. denied*, 530 U.S. 1265 (2000).

"A court considering a claim of ineffective assistance of counsel must apply a 'strong presumption' that counsel's representation was within the 'wide range' of reasonable professional

8

assistance." *Harrington v. Richter*, 131 S. Ct. 770, 787 (2011) (quoting *Strickland*, 466 U.S. at 689). Petitioner must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 687.

The Missouri Court of Appeals addressed Ground 2 as follows:

> In March 2010, [petitioner's trial counsel,] Smith[,] filed a formal request for discovery pursuant to Rule 25.03. The discovery provided to the defense included several photographs of A.S. taken by Deputy Scott Harrison shortly after the assault. These photographs were admitted in evidence as Exhibits 1-11.
>
> Prior to jury selection at [petitioner]'s October 2010 trial, the prosecutor announced that A.S.'s mother had three additional photographs of A.S.'s injuries. The prosecutor said that he had discovered the existence of these photos the prior evening and either had, or was in the process of, providing them to defense counsel. The next day, the State offered the three photographs during its case-in-chief. Defense counsel Smith objected on the ground that the "photos were not disclosed in advance of the trial." The prosecutor argued that he had only recently received the photos and that they had been provided to defense counsel as soon as possible. Smith agreed that he had seen the three photographs. He did not request a continuance or argue that he was unfairly surprised by the evidence. The court overruled Smith's objection, noting that the State also had only received the photos at the start of the trial. The photos were admitted as Exhibits 16, 17 and 18. In [petitioner]'s motion for new trial, Smith asserted that the trial court had erred in overruling the objection to Exhibits 16-18.
>
> [Petitioner]'s amended post-conviction motion alleged that appellate counsel Johnston was ineffective for failing to raise this issue on appeal. [Petitioner] alleged that he was prejudiced because "Exhibits 1-11 showed very little injury to A.S. while Exhibits 16-18, in stark contrast, showed a heavily swollen and discolored face" which undermined his defense of self-defense.
>
> At the evidentiary hearing, [petitioner] presented an affidavit from Johnston. In the affidavit, Johnston stated that he did not raise the issue on appeal "because I did not believe it was a meritorious issue and I believed I had better issues for the appeal than the late disclosure of photographs." Johnston explained, in relevant part:
>
>> It was noted on the record that although these photographs were disclosed late, defense counsel received the photos at least the day

before they were offered into evidence on the second day of a two-day trial (Tr. 345-347). Defense counsel did not move for a continuance. Defense counsel also gave no explanation or argument as to how the defense was prejudiced or how earlier disclosure would have changed the defense.

>The motion court denied [petitioner]'s claim, finding that Johnston made a strategic decision to forego this issue in favor of stronger issues and therefore could not be found ineffective on this ground. The motion court also found that [petitioner] failed to prove prejudice because, if the issue had been raised, it would not have required a reversal.

>In Point II, [petitioner] contends Johnston "was ineffective for failing to raise point (preserved) on direct appeal the issue of the late disclosure of photographs evidence & their acceptance into evidence by the trial court." According to [petitioner], "clearly any competent attorney would choose the issue properly preserved." Again, we disagree.

>As [petitioner]'s appellate counsel, Johnston was under no obligation to raise every possible issue, even if preserved, or assert a frivolous claim. *Storey v. State*, 175 S.W.3d 116, 148 (Mo. banc 2005); *Cole*, 223 S.W.3d at 931. Moreover, Johnston "was permitted to strategically winnow out non-frivolous issues in favor of other arguments." *Cole*, 223S.W.3d at 931. That is what happened here. Johnston believed that raising the issue of late-disclosure of photographs would not have been successful, and he chose not to raise it on direct appeal. His strategic decision to not raise the issue was reasonable. *See, e.g., Storey*, 175 S.W.3d at 149 (counsel's strategic decision not to challenge the trial court's ruling excluding mitigating evidence was reasonable where counsel did not consider the excluded evidence to be "strong"). Because [petitioner] failed to prove deficient performance, we need not consider the prejudice prong of the test. *Tabor*, 356 S.W.3d at 353. Accordingly, the motion court did not err by denying [petitioner]'s claim that appellate counsel Johnston was ineffective.

Resp. Ex. L, pp. 11-13.

The decision of the Missouri Court of Appeals is reasonable and is entitled to deference under Section 2254(d). Appellate counsel's decision not to raise the issue of late-disclosure of photographs on direct appeal can be considered a matter of strategy. In *Blackmon v. White*, 825 F.2d 1263, 1265 (8th Cir. 1987), the United States Court of Appeals for the Eighth Circuit stated that "the courts must resist the temptation to second-guess a lawyer's trial strategy; the lawyer

10

makes choices based on the law as it appears at the time, the facts as disclosed . . . and his best judgment as to the attitudes and sympathies of judge and jury." *See also Shaw v. U.S.*, 24 F.3d 1040, 1042 (8th Cir. 1994) (trial counsel's reasonable trial strategies cannot constitute ineffective assistance, even if they are unsuccessful); *Henderson v. Norris*, 118 F.3d 1283, 1287-88 (8th Cir. 1997) (matters of trial strategy presumed correct), *cert. denied*, 522 U.S. 1129 (1998).

In holding that petitioner's ineffective assistance of appellate counsel claim did not merit post-conviction relief, the Missouri Court of Appeals properly identified and applied federal law. Petitioner does not demonstrate that the state court's factual determinations regarding his ineffective assistance of appellate counsel claim were unreasonable based on the record.

Because the state courts' determinations did not result in "a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or in "a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," *see* 28 U.S.C. §2254(d)(1) and (2), Ground 2 will be denied as without merit.

## A CERTIFICATE OF APPEALABILITY WILL BE DENIED

Under 28 U.S.C. § 2253(c), the Court may issue a certificate of appealability only "where a petitioner has made a substantial showing of the denial of a constitutional right." To satisfy this standard, a petitioner must show that a "reasonable jurist" would find the district court ruling on the constitutional claim(s) "debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 276 (2004). Because petitioner has not met this standard, a certificate of appealability will be denied. *See* 28 U.S.C. § 2254, Rule 11(a).

Accordingly, it is **ORDERED** that:

11

(1) the petition for writ of habeas corpus is denied;

(2) the issuance of a certificate of appealability is denied; and

(3) this case is dismissed with prejudice.

                                          /s/ Douglas Harpool
                                          DOUGLAS HARPOOL
                                          UNITED STATES DISTRICT JUDGE

Springfield, Missouri,

Dated: November 20, 2014.